IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO MATA (#R-41813), | ) | |
| | ) | |
| Petitioner, | ) | District Court Case No. 12-cv-01376 |
| | ) | Appellate Court Case No. 20-5131 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CHRISTINE BRANNON, Warden, | ) | |
| Hill Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the reasons stated in the accompanying Statement, and as requested by both parties, Petitioner Roberto Mata's motion to expand the appellate record [76] is granted. This Court grants Petitioner leave to file additional materials from the state court record to include as part of the record on appeal. The Clerk of this Court is directed to send a copy of this order to the Clerk of the Seventh Circuit Court of Appeals.

## STATEMENT

Both Petitioner Roberto Mata and Respondent Christine Brannon, Warden of Hill Correctional Center, have responded to this Court's November 19, 2021 order directing the parties to address Mata's request to expand the record on appeal to include: (1) his videotaped statement to police officers following his arrest; and (2) an Assistant State's Attorney's notes taken prior to recording Mata's statement. The parties were asked to address whether expanding the appellate court record with materials not before this Court when it denied Mata's 28 U.S.C. § 2254 petition was allowed under Federal Rule of Appellate 10(c) and whether a Federal Rule of Civil Procedure 60(b)(6) motion for this Court to alter or amend its judgment, rather than an appeal, would be a more appropriate route once the materials were obtained. Both parties agree that the appellate record should be amended and that an appeal, not a Rule 60(b)(6) motion, is the better route for Mata to challenge this Court's September 21, 2020 denial of his § 2254 petition.

Federal Rule of Appellate Procedure 10(e) provides that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded." Rule 10(e)(2). Although courts "generally decline to supplement the record on appeal with materials not before the district court, … in the interests of completion," and particularly in habeas cases where the petitioner proceeded *pro se* in the district court, courts have allowed supplementing the appellate court record "with certain state court documents." *Brown v. Watters*, 599 F.3d 602, 604 n.1 (7th Cir. 2010) (citing *Ruvalcaba v. Chandler*, 416 F.3d 555, 562 n.2 (7th Cir. 2005), and *Thompson v. Bell*, 373 F.3d 688, 690–91 (6th Cir. 2004)). The Seventh Circuit has allowed supplementation of

the record on appeal, even with materials not before the district court when it addressed a §2254 petition "when the supplemental material would provide helpful context." *Coleman v. Hardy*, 628 F.3d 314, 315 n.1 (7th Cir. 2010), as amended on denial of reh'g and reh'g en banc (Feb. 7, 2011) (citing *Ruvalcaba*, 416 F.3d at 562 n.2, and *Crockett v. Hulick*, 542 F.3d 1183, 1188 n. 3 (7th Cir. 2008)). This Court does not disagree with the parties that Mata's videotaped statement may be helpful when addressing his § 2254 claims where the voluntariness of his statement is part of the claim.

Nor will this Court compel the parties to seek relief under Federal Rule of Civil Procedure 60(b) relief before proceeding with the appeal. Both parties note that Rule 60(b)(2), which allows for relief from judgment based on "newly discovered evidence," does not apply because the videotaped statement is not new evidence. Although Rule 60(b)(6)'s general provision allowing for altering a judgment based on "any other reason that justifies relief" appears applicable, a fact neither party addresses, this Court sees no requirement that Rule 60(b) relief must be sought before appealing a judgment. Although Mata may ask this Court to reconsider its judgment in light of additional materials not previously submitted to this Court, *see* Fed. R. Civ. P. 60(b)(6); *Mendez v. Republic Bank*, 725 F.3d 651, 658–59 (7th Cir. 2013), the federal rules do not require that a party do so prior to an appeal.

Accordingly, Mata's motion to expand the record on appeal is granted. This Court expressed in its September 21, 2020 opinion that Respondent should have produced more of the state court record, as opposed to the minimum required by Rule 5 of the Rules Governing § 2254 Cases. (Dkt. No. 65 at 5 n.3.) Expansion of the record did not appear necessary in this case. But to ensure that the appellate court and parties have all the materials needed to decide Mata's appeal, they should both have the ability to expand the current appellate record with those portions of the state court record inadvertently omitted by Respondent.

Date:   December 30, 2021                                      _____
                                                               Andrea R. Wood
                                                               United States District Judge

2